UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| In re | : | Case No.  11 - 18010 |
|    Fawwaz F. Beyha | : |       (Chapter 11) |
|    Debtor. | : | |
|  | : | Hon. Jean K. FitzSimon |
|  | : | |

# MEMORANDUM OF LAW  IN  SUPPORT  OF
# DEBTOR'S MOTION TO  REOPEN CASE

On April 24, 1997, Debtor purchased real property known as 1900 South 19th Street in the City and County of Philadelphia, PA 19145  ("the Property").  On May 21, 1997, he obtained a mortgage from Public Savings Bank ("Lava") in the amount of $15,000.00.[1]  On August 12, 1997, he refinanced this mortgage[2] with a new mortgage from Valley Pine Mortgage ("Valley") in the amount of $33,600.00,[3]  which was later assigned on August 29, 1997[4] to American General Finance Services, a/k/a, Springleaf Financial Services, Inc. ("Spring").  On October 31, 2006, he refinanced this loan with Delta Funding Corporation, which was assigned to HSBC Bank, and later assigned to Ocwen Loan Servicing, LLC ("Ocwen").  Conestoga Title Insurance Company

---

[1] Recorded on July 17, 1997, Document No. 48086652.

[2] Lava marked satisfied on August 14, 1997 and recorded on January 27, 1998, Document No. 48521846.

[3] Recorded on October 6, 1997, Document No. 48126950.

[4] Recorded on October 4, 1998, Document No. 48666303.

("Conestoga") provided title insurance for this October 31, 2006 transaction.[5]

On October 16, 2011, Debtor commenced this case by filing the above-captioned voluntary petition for relief under Chapter 13. It was converted to Chapter 11 on May 23, 2012. This petition included debts owed to Springleaf Financial Services, Inc., f/k/a, American General Finance Services ("Spring")[6] on Debtor's schedules and included Spring on Debtor's Matrix for its August 12, 1997 mortgage on the Property. This petition also included debts owed to Ocwen[7] on Debtor's schedules and included Ocwen on Debtor's Matrix for its October 31, 2006 mortgage on the Property.

It appears that Conestoga either mishandled settlement according to required procedures or it failed to exercise due diligence to conduct a proper property search. Notwithstanding this error, Conestoga and its present attorney knew of the existence of this bankruptcy filing as of March 14, 2012.[8] Sometime thereafter, Conestoga satisfied Spring's mortgage.[9] Rather than recording a Satisfaction, Conestoga fabricated a bogus Subordination Agreement which did not include Debtor, after which it did not provide a copy to Debtor or to this Court.[10] Not only did Conestoga never send Debtor a bill, this

---

[5]  Encumbrances Insurance is designed to save the insured harmless from any loss through defects, liens, or encumbrances that may affect or burden his title when he takes it. *Fifth Mut. Bldg. Socy. of Manayunk's Appeal*, 317 Pa. 161, 164-65, 176 A. 494, 495 (1935).

[6]  P.O.C. # 16.

[7]  P.O.C. # 4.

[8]  *See*, attached March 14, 2012 letter to the Title Curative Manager.

[9]  *See*, attached August 28, 2012 satisfaction check.

[10]  Rule 3001(e) of the Federal Rules of Bankruptcy Procedure required Conestoga to notify this Court of this alleged transferred claim.

deception may have prevented Debtor from completely exercising his lien stripping options pursuant to 11 U.S.C. § 1123(a)(5)(E) against this August 12, 1997 mortgage.

Debtor requests that this Court declare this Subordination Agreement as null, void, inoperative and not supported by any consideration. Conestoga's failure to satisfy Spring's mortgage following the closing of the October 31, 2006 Delta Funding refinancing constituted an agent error.[11] As a direct and proximate result of Conestoga's failure to conduct a diligent search or to satisfy the August 12, 1997 Spring mortgage, Debtor has been inhibited from selling his property and has incurred economic and noneconomic damages. These economic and noneconomic damages are the natural and ordinary damages that result from an agent's error, were reasonably foreseeable, and were with the contemplation of the parties at the time that the title insurance was issued.

Conestoga failed to provide Debtor with professional services in 2006. Then in 2012, Conestoga chose to disregard Debtor's bankruptcy and created a bogus and hidden claim against Debtor. Therefore, Debtor seeks leave from this Court in order to litigate this violation of his Discharge Injunction pursuant to *Taggart v. Lorenzen*, 139 S. Ct. 1795, 204 L. Ed. 2d 129 (June 3, 2019).

Respectfully submitted,

/s/ Ronald G. McNeil
Ronald G. McNeil, Esquire
Attorney for Debtor
DATE: December 4, 2019

---

[11] "Title insurance is the business of insuring the record title of real property for persons with some interest in the estate, including owners, occupiers, and lenders." *F.T.C. v. Ticor Title Ins. Co.*, 504 U.S. 621, 625 (1992).

# CONESTOGA TITLE INSURANCE CO.

March 14, 2012

Via email: JStears@udren.com

Jonathan Stears
Title Curative Manager
Udren Law Offices, P.C.
111 Woodcrest Road, Suite 200
Cherry Hill, NJ 08003

Re: Borrower: Fawwaz Beyha a/k/a Vance T. Rhone
Property: 1900 South 19th Street, Philadelphia, PA
Policy No.: 490471
Claim No.: 2961
Bankruptcy Case No. 11-18010
Your File No.: 11100743-3

Dear Mr. Stears:

This letter is in response to the tender of your defense by Conestoga Title Insurance Company (the Company) in the above-referenced action. The Company hereby retains Mark C. Clemm, Esquire to represent your client in respect to the assertion of a title claim of intervening lien in the borrower's bankruptcy filed to case no. 11-18010 of the Eastern District of Pennsylvania. The Company does not by this letter consent to pay attorney's fees in representing your client except as stated herein, including the prosecution of any separate complaints or cross-complaints which may be available to you in this action. The Company has not retained Attorney Clemm regarding questions or issues concerning your coverage under the title insurance policy.

Attorney Clemm's contact information is as follows:

Mark C. Clemm, Esquire
Morris and Clemm, P.C.
527 Plymouth Road, Suite 416
Plymouth Meeting, PA  19462
(610) 825-0500
Fax (610) 834-1776
Email:  mclemm@morrisclemm.com

We ask your cooperation should Attorney Clemm, his associates and staff.

This defense is accepted subject to a reservation of rights; Conestoga Title Insurance Co. provided a Title Insurance Loan Policy, policy number 00490471, to Delta Funding Corporation.  We previously advised you in our letter of March 7, 2012, in which we advised you that after an initial review of this claim, please be advised we need proof that you represent our Insured as defined by the policy (see below). We cannot continue our investigation without documentation proving that your Client is our Insured. The **ALTA Loan Policy 06-17-06** defines Insured and Indebtedness as follows:

137-139 EAST KING STREET, LANCASTER, PA  17602
(717) 299-4805  (800) 732-3555    Fax: (717) 299-6994


EXHIBIT D

Case ID: 120802740
Control No.: 12083508

| SPRINGLEAF Ref Nbr | SPRINGLEAF FINANCIAL Invoice Nbr | Invc Date | Conestoga Title Insurance Co. Invoice Amount | Amount Paid | Disc Taken | 9/28/2012 Net Check Amt |
|---|---|---|---|---|---|---|
| 035108 | Claim 2961 | 09/21/12 | 42,102.93 | 42,102.93 | 0.00 | 42,102.93 |

002563

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

Conestoga Title Insurance Co.
Claims Account
137 East King Street
Lancaster, PA 17602

Union Community Bank

60-7610/313

Check #   002563

Check Date
9/28/2012

Check Amount
******$42,102.93

Forty-Two Thousand One Hundred Two and 93/100-------------------------------------- Dollars

PAY TO THE ORDER OF

SPRINGLEAF FINANCIAL
519 BALTIMORE PIKE
SPRINGFIELD, PA  19064-3811

John M. Nicklaus
Authorized Signature

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK - TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT

⑈002563⑈  ⑆           ⑆6101⑆  ⑈         ⑈579⑈1⑈

UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| In re | : | Case No. 11 - 18010 |
| Fawwaz F. Beyha | : | (Chapter 11) |
| Debtor. | : |  |
|  | : | Hon. Jean K. FitzSimon |
|  | : |  |

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 9014-3(g) of the Federal Rules of Bankruptcy Procedure, I, Ronald G. McNeil, Esquire, certify that a true and correct copy of Debtor's Memorandum of Law in Support of Debtor's Motion to Reopen Case was served via electronic means, via hand delivery, and/or via first class postage prepaid, properly franked upon the following:

Conestoga Title Insurance Company
  c/o Clemm & Associates, LLC
ATTN: Mark C. Clemm, Esquire
488 Norristown Road, Suite 140
Blue Bell, PA  19422

Springleaf Financial Services of PA, Inc., f/k/a,
  American General Finance Services
  c/o Fox & Fox
ATTN: Benjamin E. Witmer, Esquire
One Montgomery Plaza, Suite 706
Norristown, PA 19401-4825

Ocwen Loan Servicing, LLC
  c/o Phelan, Hallinan & Schmieg, LLP
ATTN: Sherri J. Smith, Esquire
One Penn Center at Suburban Station
1617 J.F.K. Blvd, Suite 1400
Philadelphia, PA 19103-1814

Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107-4414

        /s/ Ronald G. McNeil
        Ronald G. McNeil, Esquire
        Attorney for Debtor
        DATE: December 5, 2019