UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| In re | : | Case No. 11 - 18010 |
| Fawwaz F. Beyha | : | (Chapter 11) |
| Debtor. | : |  |
|  | : | Hon. Jean K. FitzSimon |
|  | : |  |

# AMENDED MEMO OF LAW IN SUPPORT OF DEBTOR'S MOTION TO REOPEN CASE

This claim does not comport with Pennsylvania's Anti-Subrogation Doctrine.

On April 24, 1997, Debtor purchased real property known as 1900 South 19th Street in the City and County of Philadelphia, PA 19145 ("the Property"). On May 21, 1997, he obtained a mortgage from Public Savings Bank ("Lava") in the amount of $15,000.00.[1] On August 12, 1997, he refinanced this mortgage[2] with a new mortgage from Valley Pine Mortgage ("Valley") in the amount of $33,600.00,[3] which was later assigned on August 29, 1997[4] to American General Finance Services, a/k/a, Springleaf Financial Services, Inc. ("Spring"). On October 31, 2006, he refinanced this loan with Delta Funding Corporation, which was assigned to HSBC Bank, and later assigned to Ocwen Loan Servicing, LLC ("Ocwen"). As part of this refinancing, Plaintiff purchased title insurance from Conestoga Title Insurance Company, by and through its subsidiary

---

[1]  Recorded on July 17, 1997, Document No. 48086652.

[2]  Lava marked satisfied on August 14, 1997 and recorded on January 27, 1998, Document No. 48521846.

[3]  Recorded on October 6, 1997, Document No. 48126950.

[4]  Recorded on October 4, 1998, Document No. 48666303.

North America Abstract, Inc. ("Conestoga"), for this October 31, 2006 transaction.[5]

On October 16, 2011, Debtor commenced this case by filing the above-captioned voluntary petition for relief under Chapter 13. It was converted to Chapter 11 on May 23, 2012. This petition included debts owed to Springleaf Financial Services, Inc., f/k/a, American General Finance Services ("Spring")[6] on Debtor's schedules and included Spring on Debtor's Matrix for its August 12, 1997 mortgage on the Property. This petition also included debts owed to Ocwen[7] on Debtor's schedules and included Ocwen on Debtor's Matrix for its October 31, 2006 mortgage on the Property.

---

[5] *See*, attached excepts of Mortgage Title Insurance Policy. Encumbrances Insurance is designed to save the insured harmless from any loss through defects, liens, or encumbrances that may affect or burden his title when he takes it. *Fifth Mut. Bldg. Socy. of Manayunk's Appeal*, 317 Pa. 161, 164-65, 176 A. 494, 495 (1935).

[6] P.O.C. # 16.

[7] P.O.C. # 4.

It appears that Conestoga either mishandled settlement according to required procedures or it failed to exercise due diligence to conduct a proper property search. Notwithstanding this error, Conestoga and its present attorney knew of the existence of this bankruptcy filing as of March 14, 2012.[8] Sometime thereafter and consistent with this title insurance policy, Conestoga satisfied Spring's mortgage.[9] Rather than recording a Satisfaction, Conestoga fabricated a bogus Subordination Agreement[10] which did not include Debtor, after which it did not provide a copy to Debtor or to this Court.[11] Not only did Conestoga never send Debtor a bill, this deception prevented Debtor from completely exercising his lien stripping options pursuant to 11 U.S.C. § 1123(a)(5)(E) against this August 12, 1997 mortgage.

---

[8]   *See*, attached March 14, 2012 letter to the Title Curative Manager.

[9]   *See*, attached August 28, 2012 satisfaction check.

[10]  It is now well established that an insurer cannot recover by means of subrogation against its own insured. *Remy v. Michael D's Carpet Outlets*, 391 PA. Super. 436, 447, 571 A.2d 446, 452 (1990). An insurer cannot pay a general contractor for its losses and then attempt to recover from a subcontractor who is named, directly, or indirectly, as an additional insured in the same policy. *Keystone Paper Converters, Inc. v. Neemar, Inc.*, 562 F.Supp. 1046, 1050 (E.D. Pa. 1983). Thus, Conestoga cannot enforce its subrogation rights against Plaintiff under Plaintiff's policy of title insurance.

[11]  Rule 3001(e) of the Federal Rules of Bankruptcy Procedure required Conestoga to notify this Court of this alleged transferred claim.
Rule 3001(e)(2) [effective December 1, 2009 and remained effective until December 1, 2011]:
> *Transfer of Claim Other than for Security after Proof Filed.* If a claim other than one based on a publicly traded note, bond, or debenture has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 21 days of the mailing of the notice or within any additional time allowed by the court. If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor. If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.

Debtor requests that this Court declare this Subordination Agreement as null, void, inoperative and not supported by any consideration. Conestoga's failure to satisfy Spring's mortgage following the closing of the October 31, 2006 Delta Funding refinancing constituted an agent error.[12] As a direct and proximate result of Conestoga's failure to conduct a diligent search or to satisfy the August 12, 1997 Spring mortgage, Debtor has been inhibited from selling his property and has incurred economic and noneconomic damages. These economic and noneconomic damages are the natural and ordinary damages that result from an agent's error, were reasonably foreseeable, and were with the contemplation of the parties at the time that the title insurance was issued.

Conestoga failed to provide Debtor with professional services in 2006. Then in 2012, Conestoga chose to disregard Pennsylvania's anti-subrogation doctrine and Debtor's bankruptcy and created a bogus and hidden claim against Debtor. Therefore, Debtor seeks leave from this Court in order to litigate this violation of his Discharge Injunction pursuant to *Taggart v. Lorenzen*, 587 U.S. ___ (June 3, 2019).[13]

                    Respectfully submitted,

                    /s/ Ronald G. McNeil
                    Ronald G. McNeil, Esquire
                    Attorney for Debtor
                    DATE: February 28, 2020

---

[12] "Title insurance is the business of insuring the record title of real property for persons with some interest in the estate, including owners, occupiers, and lenders." *F.T.C. v. Ticor Title Ins. Co.*, 504 U.S. 621, 625 (1992).

[13] Section 105(a) of the Bankruptcy Code authorizes a Court to impose civil contempt sanctions when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801, 204 L. Ed. 2d 129 (June 3, 2019).



# Mortgagee Title Insurance Policy
## Issued By
## Conestoga Title Insurance Co.

Beyha, Fairway
0103237715
150
11

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, CONESTOGA TITLE INSURANCE CO., a Pennsylvania corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
   (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or
   (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, the Company has caused this policy to be signed and sealed as of the date of policy shown in Schedule A, the policy to become valid when countersigned by an authorized signatory.

COUNTERSIGNED:

Brian T. Nolan
Authorized Officer or Agent

Valid only when Countersigned
Policy No. 490471

MUST MATCH Policy No.
Found on SCHEDULE A
ALTA Loan Policy 10-17-92

CONESTOGA TITLE INSURANCE CO
By: Sam Frozen Musser
President

By: Mary Lou Creasy
Secretary



EXHIBIT C
Case ID: 120802740
Control No.: 12083508

# CONESTOGA TITLE INSURANCE CO.

## LOAN FORM SCHEDULE A

| | |
|---|---|
| Date of Policy | November 13, 2006 at 11:30 am |
| Policy Number | 490471 |
| File No.: | 100592 |
| Insured by Separate Owners Policy (if any) |  N/A (Reference Only - NOT Part of Policy Provisions) |
| Amount of Policy | $135,450.00 |

1. Name of Insured — **Delta Funding Corporation, ISAOA ATIMA, its successors and/or assigns as their interests may appear**

   Property Location: 1900 South 19th Street, Philadelphia, PA 19145
   (Reference Only - NOT Part of Policy Provisions)

2. The estate or interest in the land described herein and which is covered by this policy is: **FEE SIMPLE**

3. Title to the estate or interest in the land is vested in:

   **Fawwaz Beyha** by virtue of a deed from Fawwaz Beyha, dated , and recorded , in the Office of the Recorder of Deeds for the City of Philadelphia, County of Philadelphia.

4. The land referred to in this policy is situated in the **City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania**, and is described as follows:

   **See Legal Description (Exhibit A) attached hereto.**

5. The mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any are described as follows:

   Mortgage from Fawwaz Beyha to Delta Funding Corporation, ISAOA ATIMA in the original principal amount of $135,450.00 dated October 31, 2006 and recorded November 13, 2006, in the Office of the Recorder of Deeds of Philadelphia, Philadelphia County, Pennsylvania, as Instrument No. 51570744.

Valid when attached to
ALTA Loan Policy 10-17-92

This Policy is not valid unless the policy jacket and Schedule B are attached

Case ID: 120802740
Control No.: 12083508



# CONESTOGA TITLE INSURANCE CO.
123 East King Street, Lancaster, PA 17602

## ENDORSEMENT 100

Attached to and made part of Mortgage Policy No. 490471

Company hereby insures that the covenants, conditions and restrictions referred to in this policy at Exception No(s). _____ of Schedule B – Part 1 of this policy have not been violated and that a future violation thereof will not cause a forfeiture or reversion of title.

The total liability of the Company under said policy and any endorsement thereof shall not exceed, in the aggregate, the face amount of said policy and costs which the Company is obligated, under the conditions and stipulations thereof to pay.

This endorsement is made a part of said policy and is subject to the schedule, conditions and stipulations therein, except as modified by the provisions thereof. Nothing herein contained shall be construed as extending or changing the effective date of said policy unless otherwise expressly stated.

Countersigned:

NORTH AMERICA ABSTRACT, INC.

By: _[signature]_
Authorized Signatory

Valid Only when Countersigned

END 100

CONESTOGA TITLE INSURANCE CO.
BY:
President *Sam Ferguson Musser*
ATTEST:
Secretary *Mary Lou Creasy*

Case ID: 120802740
Control No.: 12083508

# CONESTOGA TITLE INSURANCE CO.

March 14, 2012

Via email: JStears@udren.com

Jonathan Stears
Title Curative Manager
Udren Law Offices, P.C.
111 Woodcrest Road, Suite 200
Cherry Hill, NJ 08003

    Re:    Borrower: Fawwaz Beyha a/k/a Vance T. Rhone
              Property: 1900 South 19th Street, Philadelphia, PA
              Policy No.: 490471
              Claim No.: 2961
              Bankruptcy Case No. 11-18010
              Your File No.: 11100743-3

Dear Mr. Stears:

    This letter is in response to the tender of your defense by Conestoga Title Insurance Company (the Company) in the above-referenced action. The Company hereby retains Mark C. Clemm, Esquire to represent your client in respect to the assertion of a title claim of intervening lien in the borrower's bankruptcy filed to case no. 11-18010 of the Eastern District of Pennsylvania. The Company does not by this letter consent to pay attorney's fees in representing your client except as stated herein, including the prosecution of any separate complaints or cross-complaints which may be available to you in this action. The Company has not retained Attorney Clemm regarding questions or issues concerning your coverage under the title insurance policy.

    Attorney Clemm's contact information is as follows:

        Mark C. Clemm, Esquire
        Morris and Clemm, P.C.
        527 Plymouth Road, Suite 416
        Plymouth Meeting, PA  19462
        (610) 825-0500
        Fax (610) 834-1776
        Email: mclemm@morrisclemm.com

    We ask your cooperation should Attorney Clemm, his associates and staff.

    This defense is accepted subject to a reservation of rights; Conestoga Title Insurance Co. provided a Title Insurance Loan Policy, policy number 00490471, to Delta Funding Corporation. We previously advised you in our letter of March 7, 2012, in which we advised you that after an initial review of this claim, please be advised we need proof that you represent our Insured as defined by the policy (see below). We cannot continue our investigation without documentation proving that your Client is our Insured. The **ALTA Loan Policy 06-17-06** defines Insured and Indebtedness as follows:


EXHIBIT D
Case ID: 120802740
Control No.: 12083508

137-139 EAST KING STREET, LANCASTER, PA  17602
(717) 299-4805  (800) 732-3555  Fax: (717) 299-6994

| SPRINGLEAF Ref Nbr | SPRINGLEAF FINANCIAL Invoice Nbr | Invc Date | Conestoga Title Insurance Co. Invoice Amount | Amount Paid | Disc Taken | 9/28/2012 Net Check Amt |
|---|---|---|---|---|---|---|
| 035108 | Claim 2961 | 09/21/12 | 42,102.93 | 42,102.93 | 0.00 | 42,102.93 |

002563

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

**Conestoga Title Insurance Co.**
Claims Account
137 East King Street
Lancaster, PA 17602

Union Community Bank

60-7610/313

Check #   002563

Check Date: 9/28/2012

Check Amount: ******$42,102.93

Forty-Two Thousand One Hundred Two and 93/100-------------------------------------- Dollars

PAY TO THE ORDER OF

SPRINGLEAF FINANCIAL
519 BALTIMORE PIKE
SPRINGFIELD, PA   19064-3811

*John M. Niklaus*
Authorized Signature

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK. TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.

⑈002563⑈ ⑆031376101⑆ ⑈1004⑈579⑈1⑈

UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

| | : | |
|---|---|---|
| In re | : | Case No. 11 - 18010 |
|    Fawwaz F. Beyha | : | (Chapter 11) |
|       Debtor. | : | |
| | : | Hon. Jean K. FitzSimon |
| | : | |

## CERTIFICATE OF SERVICE

  Pursuant to Local Rule 9014-3(g) of the Federal Rules of Bankruptcy Procedure, I, Ronald G. McNeil, Esquire, certify that a true and correct copy of Debtor's Amended Memorandum of Law was served via electronic means, via hand delivery, and/or via first class postage prepaid, properly franked upon the following:

Conestoga Title Insurance Company
  c/o Clemm & Associates, LLC
ATTN: Mark C. Clemm, Esquire
488 Norristown Road, Suite 140
Blue Bell, PA 19422-2352

Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107-4414

                                              /s/ Ronald G. McNeil
                                              Ronald G. McNeil, Esquire
                                              Attorney for Debtor
                                              DATE: March 2, 2020