United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Fawwaz F. Beyha  
    Debtor

Case No. 11-18010-jkf  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: JEGilmore     Page 1 of 3     Date Rcvd: Mar 04, 2020  
                      Form ID: pdf900     Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 06, 2020.

```
db             Fawwaz F. Beyha,    1551 South 16th Street,    Philadelphia, PA 19146-4828
aty           +Leon Jones,    c/o David H. Denenberg, Esquire,    1315 Walnut Street, 12th Floor,
               Philadelphia, PA 19107-4712
aty           +MARK C. CLEMM,    Clemm And Associates, LLC,    488 Norristown Road, Suite 140,
               Blue Bell, PA 19422-2352
cr            +American Home Mortgage Servicing, Inc.,    c/o Parker McCay P.A.,    9000 Midlantic Drive,
               Suite 300,    P.O. Box 5054,    Mount Laurel, NJ 08054-5054
cr            +Capital Bank, NA,    1 Church Street, Suite 300,    Rockville, MD 20850-4190
cr             Ocwen Loan Servicing, LLC,    Attn: Bankruptcy Department,    P.O. BOX 24605,
               West Palm Beach, FL 33416-4605
cr            +Parke Bank,    601 Delsea Drive,    Sewell, NJ 08080-2833
cr            +Porsche Financial Services, Inc.,    4343 Commerce Court,    Suite 300,    Lisle, IL 60532-3616
cr             Springleaf Financial Services of Pennsylvania, Inc,    c/o Benjamin E. Witmer, Esquire,
               425 Swede Street, Suite 706,    Norristown, PA 19401
cr            +Suntrust Mortgage, Inc,    Bankruptcy Department RVW 3034,    PO Box 27767,
               Richmond, VA 23261-7767
cr             TD Bank, N.A. c/o Fleischer, Fleischer & Suglia,    Fleischer, Fleischer & Suglia,
               Plaza 1000 at Main Street,    Suite 208,    Voorhees, NJ 08043
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg            E-mail/Text: megan.harper@phila.gov Mar 05 2020 03:51:49      City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA 19102-1595
smg            E-mail/Text: sbse.cio.bnc.mail@irs.gov Mar 05 2020 03:51:12      Internal Revenue Service,
               P.O. Box 7346,    Philadelphia, PA 19101-7346
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 05 2020 03:51:25
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA 17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 05 2020 03:51:40      U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
cr            +E-mail/Text: ally@ebn.phinsolutions.com Mar 05 2020 03:51:09      Ally Financial,
               P.O. Box 130424,    Roseville, MN 55113-0004
cr             E-mail/Text: megan.harper@phila.gov Mar 05 2020 03:51:49      City of Philadelphia,
               Law Revenue Departments,    c/o James C. Vandermark, Esquire,    1401 JFK Blvd., 5th Floor,
               Municipal Services Building,    Philadelphia, PA 19102
cr             E-mail/PDF: resurgentbknotifications@resurgent.com Mar 05 2020 03:59:16
               CR Evergreen II, LLC,    PO Box 10587,    GREENVILLE, SC 29603-0587
cr             E-mail/PDF: gecsedi@recoverycorp.com Mar 05 2020 04:00:49      GE Capital Retail Bank,
               c/o Recovery Management Systems Corporat,    25 SE 2nd Avenue, Suite 1120,
               Miami, FL 33131-1605
cr             E-mail/PDF: ais.chase.ebn@americaninfosource.com Mar 05 2020 04:00:58
               JPMorgan Chase Bank, N.A.,    201 N Central Ave,    Phoenix, AZ 85004
cr             E-mail/PDF: resurgentbknotifications@resurgent.com Mar 05 2020 04:00:54      LVNV Funding LLC,
               c/o Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
cr             E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 05 2020 03:57:48
               Portfolio Recovery Associates, LLC.,    POB 41067,    Norfolk, VA 23541
                                                                                              TOTAL: 11

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              NATIONSTAR MORTGAGE LLC
                                                                                              TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 06, 2020                                                    Signature:  /s/Joseph Speetjens

```
District/off: 0313-2          User: JEGilmore             Page 2 of 3           Date Rcvd: Mar 04, 2020
                              Form ID: pdf900             Total Noticed: 22
```

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 4, 2020 at the address(es) listed below:
              ANN E. SWARTZ    on behalf of Defendant    JPMorgan Chase Mortgage Corp. ecfmail@mwc-law.com,
               ecfmail@ecf.courtdrive.com
              BEN VAN STEENBURGH    on behalf of Attorney Leon  Jones lawyers@adlawfirm.com,
               ddenenberg@adlawfirm.com
              BENJAMIN E. WITMER    on behalf of Creditor    Springleaf Financial Services of Pennsylvania, Inc.
               bankruptcy@foxandfoxlaw.com, bwitmer@foxandfoxlaw.com
              BRIAN E. CAINE    on behalf of Defendant    American Home Mortgage Investment Corp.
               bcaine@parkermccay.com, BKcourtnotices@parkermccay.com
              CELINE P. DERKRIKORIAN    on behalf of Creditor    JPMorgan Chase Bank, N.A. ecfmail@mwc-law.com
              CELINE P. DERKRIKORIAN    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               ecfmail@mwc-law.com
              CELINE P. DERKRIKORIAN    on behalf of Creditor    Wells Fargo Bank, NA as Trustee of the Lehman
               Mortgage Trust 2007-1 Trust Fund ecfmail@mwc-law.com
              CHANDRA M. ARKEMA    on behalf of Creditor    American Home Mortgage Servicing, Inc.
               carkema@squirelaw.com
              CHANDRA M. ARKEMA    on behalf of Defendant    American Home Mortgage Investment Corp.
               carkema@squirelaw.com
              D. TROY SELLARS    on behalf of Creditor    GMAC MORTGAGE, LLC D.Troy.Sellars@usdoj.gov
              D. TROY SELLARS    on behalf of Defendant    GMAC Mortgage Corporation paeb@fedphe.com
              DAVID  NEEREN    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
               Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M2 dneeren@udren.com,
               vbarber@udren.com
              GEORGE M. CONWAY    on behalf of U.S. Trustee    United States Trustee george.m.conway@usdoj.gov
              GREGORY  JAVARDIAN    on behalf of Defendant    SunTrust Mortgage, Inc. greg@javardianlaw.com,
               mary@javardianlaw.com;tami@javardianlaw.com
              JANET L. GOLD    on behalf of Creditor    Capital Bank of Maryland jgold@egalawfirm.com,
               ksantiago@egalawfirm.com;dvillari@egalawfirm.com
              JANET L. GOLD    on behalf of Creditor    Capital Bank, NA jgold@egalawfirm.com,
               ksantiago@egalawfirm.com;dvillari@egalawfirm.com
              JEROME B. BLANK    on behalf of Creditor    GMAC MORTGAGE, LLC paeb@fedphe.com
              JILL  MANUEL-COUGHLIN    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
               CMLTI 2005-7 bankruptcy@powerskirn.com
              JILL  MANUEL-COUGHLIN    on behalf of Creditor    SunTrust Mortgage, Inc. bankruptcy@powerskirn.com
              JOHN ERIC KISHBAUGH    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee
               for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-M2
               jkishbaugh@udren.com, vbarber@udren.com
              JOHN ERIC KISHBAUGH    on behalf of Creditor    OneWest Bank, FSB jkishbaugh@udren.com,
               vbarber@udren.com
              JOHN ERIC KISHBAUGH    on behalf of Creditor    Ocwen Loan Servicing, LLC jkishbaugh@udren.com,
               vbarber@udren.com
              JOSEPH P. KERRIGAN    on behalf of     Lava Funding, LLC jpklaw@msn.com,
               G21030@notify.cincompass.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    GMAC MORTGAGE, LLC bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              KASSIA  FIALKOFF    on behalf of Defendant    One West Bank, FSB kfialkoff@duanemorris.com
              KASSIA  FIALKOFF    on behalf of Creditor    Homeward Residential, Inc. kfialkoff@duanemorris.com
              KASSIA  FIALKOFF    on behalf of Defendant    Ocwen Loan Servicing, LLC kfialkoff@duanemorris.com
              KASSIA  FIALKOFF    on behalf of Creditor    Ocwen Loan Servicing, LLC kfialkoff@duanemorris.com
              KATIE M. CLEMM    on behalf of Creditor    Conestoga Title Insurance Company kclemm@clemmlaw.com
              KEVIN T MCQUAIL    on behalf of Creditor    JPMorgan Chase Bank, N.A. ecfmail@mwc-law.com
              KEVIN T MCQUAIL    on behalf of Defendant    JPMorgan Chase Mortgage Corp. ecfmail@mwc-law.com
              KEVIN T MCQUAIL    on behalf of Creditor    Deutsche Bank National Trust Company ecfmail@mwc-law.com
              KEVIN T MCQUAIL    on behalf of Creditor    JPMorgan Chase Bank, National Association
               ecfmail@mwc-law.com
              LEE  SCHOTTENFELD    on behalf of Creditor    HSBC Bank USA, National Association cblack@udren.com
              LEN  GARZA    on behalf of Creditor    Capital Bank, NA lgarza@egclawfirm.com
              MARIO J. HANYON    on behalf of Creditor    GMAC MORTGAGE, LLC paeb@fedphe.com
              MARIO J. HANYON    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CMLTI
               2005-7 paeb@fedphe.com
              MARIO J. HANYON    on behalf of Creditor    Deutsche Bank National Trust Company paeb@fedphe.com
              MARISA MYERS COHEN    on behalf of Creditor    Deutsche Bank National Trust Company
               ecfmail@ecf.courtdrive.com, mcohen@mwc-law.com
              MARK C. CLEMM    on behalf of Creditor    Conestoga Title Insurance Company mclemm@clemmlaw.com
              MARY F. KENNEDY    on behalf of Creditor    SunTrust Mortgage, Inc. mary@javardianlaw.com,
               angie.harrigan@javardianlaw.com
              MEGAN N. HARPER    on behalf of Creditor    City of Philadelphia megan.harper@phila.gov,
               karena.blaylock@phila.gov
              NICOLA G. SUGLIA    on behalf of Creditor    TD Bank, N.A. c/o Fleischer, Fleischer & Suglia
               nsuglia@fleischerlaw.com, fleischercases@fleischerlaw.com
              NICOLA G. SUGLIA    on behalf of Defendant    TD Bank, N.A. nsuglia@fleischerlaw.com,
               fleischercases@fleischerlaw.com
              PHILLIP D. BERGER    on behalf of Creditor    Parke Bank berger@bergerlawpc.com,
               kaufmann@bergerlawpc.com
```

```
District/off: 0313-2          User: JEGilmore            Page 3 of 3              Date Rcvd: Mar 04, 2020
                              Form ID: pdf900            Total Noticed: 22
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          REGINA  COHEN    on behalf of Creditor   Ally Financial rcohen@lavin-law.com, ksweeney@lavin-law.com
          RONALD G. MCNEIL    on behalf of Plaintiff Fawwaz F. Beyha r.mcneil1@verizon.net
          RONALD G. MCNEIL    on behalf of Debtor Fawwaz F. Beyha r.mcneil1@verizon.net
          SHERRI J. SMITH    on behalf of Creditor   OneWest Bank, FSB sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com
          SHERRI J. SMITH    on behalf of Defendant   One West Bank, FSB sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com
          SHERRI J. SMITH    on behalf of Creditor   Ocwen Loan Servicing, LLC sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com
          SHERRI J. SMITH    on behalf of Creditor   Deutsche Bank National Trust Company sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com
          SHERRI J. SMITH    on behalf of Creditor   HSBC Bank USA, National Association, as Indenture Trustee sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com
          SHERRI J. SMITH    on behalf of Creditor   Ocwen Loan Servicing, LLC servicer for sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com
          SHERRI J. SMITH    on behalf of Creditor   Wells Fargo Bank, NA as Trustee of the Lehman Mortgage Trust 2007-1 Trust Fund sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM EDWARD CRAIG    on behalf of Creditor   Porsche Financial Services, Inc. ecfmail@mortoncraig.com, mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
          WILLIAM EDWARD CRAIG    on behalf of Creditor   JPMorgan Chase Bank, N.A. ecfmail@mortoncraig.com, mhazlett@mortoncraig.com;mortoncraigecf@gmail.com

                                                                                                                              TOTAL: 58

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| Fawwaz Beyha | : | |
| Debtor | : | Case No. 11-18010 (JKF) |

# **MEMORANDUM OPINION**

Before the Court is the Debtor's Motion to Reopen his bankruptcy case. Conestoga Title Insurance Company (Conestoga) filed a Response in opposition to the motion. For the reasons set forth below, the Motion will be granted.[1]

*Background*

Prior to bankruptcy the Debtor amassed a portfolio of investment properties. *See* Sched. A. Among those properties is 1900 South 19th Street in Philadelphia (the 19th Street property). *Id*. The Debtor purchased that property in 1997 with a mortgage loan which would later be assigned to Springleaf Financial. Resp. ¶¶ 23-24

*Delta Loan and*
*Title Report*

In 2006 the Debtor sought financing from Delta Funding. *Id*. ¶ 25. As collateral for a loan, the Debtor pledged the 19th Street property. *Id*. In addition to the mortgage itself, Delta obtained title insurance from Conestoga as to that property.[2] In preparing the title

---

[1] As the instant proceeding concerns the scope of the discharge injunction arising from §§ 524 and 1141 of the Code, it is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (O).

[2] Presumably, this would have been what is known in the industry as a "lender's policy." As a condition to providing refinancing, the lender would have required proof of clear title in order to protect its investment. *See Markocki v. Old Republic Nat. Title Insur. Co.*, 254 F.R.D. 242, 245 (E.D.Pa. 2008) class decertified 2015 WL 3421401 (E.D.Pa. May 27, 2015) (discussing aspects of title insurance associated with refinancing)

1

report on the 19th Street Property, the abstractor failed to identify the Springleaf lien. *Id*. ¶ 26. Whether this was ever made known to Delta is unclear. What is certain, however, is that Delta made the loan. Sometime thereafter it was assigned to Ocwen Loan Servicing. *Id*. ¶ 29.

*Bankruptcy*

In October 2011 the Debtor commenced this case under Chapter 13 of the Bankruptcy Code. Both Ocwen and Springleaf filed secured Proofs of Claim. *See* Claims Docket. While both claims asserted that the 19th Street property secured their loans, neither indicated that their lien was in any place other than first position. This discrepancy must have come to the Debtor's attention because in January 2012 he filed an adversary proceeding against both Ocwen and Springleaf.[3] That action sought to determine the validity and extent of the two liens. It would be dismissed, however, after the Debtor converted his case to a Chapter 11 proceeding.[4] In June 2012 the Debtor Amended his Schedule D to reflect the following lien positions as to the 19th Street Property and in this order of priority:

1. Springleaf
2. Ocwen
3. Lava Funding

*See* Am. Schedule D.

---

[3] Adv. No. 12-0044
[4] In his Chapter 11 Plan, the Debtor would propose to modify the respective liens on the 19th Street property.

*Pertinent Events
Outside of Bankruptcy*

This is how things stood until September 2012. At that time, Conestoga learned that it had failed to detect the prior Springleaf mortgage when it insured Delta's loan. In order to provide Delta with first lien position on the 19th Street property, Conestoga paid off the Springleaf loan and became assignee of that obligation. *See* Resp. ¶ 31, Ex. A, Assignment of Mortgage. That, however, just substituted Conestoga for Springleaf as the first lienholder: more was required to place Delta in first lien position. The mechanism by which that was achieved was for Conestoga to unilaterally subordinate its mortgage to Delta's.[5] *Id*. ¶ 32, Ex. B, Subordination of Mortgage. Importantly for present purposes, there is no indication in the record that the Debtor was apprised of these actions.

*The Plan is
Confirmed*

In December 2014, the Debtor confirmed his plan. The Plan was consummated, the Debtor obtained a discharge in June 2016, and a Final Decree was entered that same month.

*Motion to Reopen*

The Debtor now moves to reopen his case. A bankruptcy case may be reopened in the court in which such case was closed "to administer assets, to *accord relief to the debtor*, or for other cause." 11 U.S.C.A. § 350(b) (emphasis added). A case will be reopened only where one of the three stated ground are found to exist. *In re Lee,* 356 B.R. 177, 180 (Bankr.N.D.W.Va.2006). The party moving to reopen a case has the

---

[5] It is unclear why Delta was named as the first lienholder as by that time it had already assigned its interest to Ocwen.

3

burden of proof. *In re Cloninger,* 209 B.R. 125, 126 (Bankr.E.D.Ark.1997). The decision to reopen a case is within the Court's sound discretion. *Apex Oil Co. v. Sparks (In re Apex Oil Co.),* 406 F.3d 538, 542 (8th Cir.2005); *In re Shondel,* 950 F.2d 1301, 1304 (7th Cir.1991).

Although the Debtor does not expressly state it, his purpose for reopening the case is to accord relief to him. Conestoga, he contends, is acting in violation of the discharge injunction: despite the discharge of its claim against the Debtor, Conestoga continues to demand payment. That is making it impossible for him to sell one of his real estate properties. *See* Mot. ¶¶ 19-21.

Conestoga responds that it still has a lien on the 19th Street property notwithstanding confirmation of the plan. It explains that it never received any notice of the Plan as required by the Code and so was not afforded the opportunity to object thereto. On that basis, it maintains that the terms of the Plan and resulting discharge have no legal effect upon it. Resp. ¶¶ 7, 9, 10-12. If that is the case, then there is no point in reopening the bankruptcy.

*Analysis*

Conestoga would be correct that reopening the case would be futile if either of two circumstances existed: if its lien was not modified by the Debtor's confirmed plan or, assuming it was, Conestoga did not receive notice of the proposed plan and its treatment of Conestoga's claim.

*Effect of Plan on Conestoga Lien*

The first condition does not exist because the plan expressly proposed to modify the secured interest of Conestoga. The confirmed plan provided that the Debtor would

retain the 19th Street property. As to treatment of the liens which encumbered it, the plan provided as follows:

> The treatment and consideration to be received by Class 3 claims in connection with their Secured Claims( i.e., … Ocwen……) shall be in monthly installments consistent with the below mentioned chart during which these creditors will *retain their liens, except the claims of Lava and Springleaf*.
> …
> Mortgage            balance          modified interest rate
> …
> f)    Ocwen              115,232.18            5.0

Eighth Am. Plan, p. 9 [emphasis added]. So as to the 19th Street property, the plan proposed that only the Ocwen lien would be paid and at a modified rate of interest. The liens of Springleaf (now Conestoga) and Lava would be extinguished and no payment would be received. None of the three lienholders objected to this treatment.

What resulted from confirmation as far as the junior lienholders was concerned was the divesture of their respective secured interests in the 19th Street property. Section 1141 of the Code provides, in pertinent part:

> Except as provided in subsections (d)(2) and (d)(3) of this section and except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor.

11 U.S.C. § 1141(c). *See In re Omega Optical, Inc.*, 476 B.R. 157, 164 (Bankr. E.D. Pa. 2012) ("This long-standing provision provides that confirmation of a chapter 11 plan can divest creditors of their security interests, *i.e.,* liens, in certain circumstances.")  To determine if full lien divestiture resulted from plan confirmation, a four-part test if used: (1) the plan must be confirmed; (2) the property that is subject to the lien must be dealt

5

with by the plan; (3) the lien holder must participate in the reorganization; and (4) the plan must not preserve the lien. *Id.*

The Court finds three of the four elements (##1, 2, and 4) to be definitively established. First, the Debtor's chapter 11 plan has been confirmed. Second, Conestoga's collateral—the 19th Street property—was dealt with by the plan as revesting in the Debtor, subject only to the Ocwen lien and obligation. Fourth, the plan specifically provided that Springleaf (now Conestoga) would hold no lien after confirmation, and would not be paid.

*Conestoga's Claim*
*of Lack of Notice*

That leaves the third element: whether Conestoga participated in this bankruptcy case. Conestoga maintains that it cannot have because it simply was not notified of the Debtor's plan and disclosure statement. The Supreme Court identified the due process requirements for notice in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950):

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information ... and it must afford a reasonable time for those interested to make their appearance.

These requirements apply to all proceedings involving a disposition of property, including those in bankruptcy. *See, e.g., City of New York v. New York, New Haven, & Hartford Railroad Co.,* 344 U.S. 293, 295-96, 73 S.Ct. 299, 97 L.Ed. 333 (1953).

*Chapter 11 Confirmation*
*and Notice Requirements*

Those bankruptcy rules which deal with confirmation of a Chapter 11 plan comport with fundamental notions of fairness and due process. Rule 3017 provides that after a disclosure statement is filed pursuant to § 1125(b), the "court shall hold a hearing *on at least 28 days' notice to … creditors* … and other parties in interest *as provided in Rule 2002*." B.R. 3017(a) [emphasis added]. Once approved, the disclosure statement, plan, ballot, notice of voting deadline, and notice of the deadline for objecting to confirmation and of the hearing on confirmation are to be mailed to creditor and parties in interest "in accordance with Rule 2002(b)." B.R. 3017(d)

Again, Rule 2002 requires 28 days' notice to parties in interest for filing objections to a disclosure statement, to confirmation of a plan, and of the hearing on confirmation. B.R. 2002(b). The dockets reflect that notice of the adequacy of the disclosure statement, and the hearing on confirmation (with related deadlines) were served in accordance with this rule. On August 11, 2014, the Debtor filed the Motion to Approve Disclosure Statement (#349). It was served on the parties on the Clerk's Service List as required by the Local Rule 3017-1(c). On September 3, 2014, the Court heard the Motion and it was approved. (#359). On September 18, 2014 an Order Approving the Disclosure Statement and setting a hearing on confirmation was entered (#358). It set the last day to object to confirmation as October 22, 2014. That Order was served by the Bankruptcy Noticing Center (BNC) the next day on all parties listed on the Service List (#362).

A review of the Service List confirms Conestoga's contention that it did *not* received notice of these hearings. The Certificate of Notice of the Order approving the

7

Disclosure Statement issued by the BNC shows that Springleaf, and not Conestoga, was served (#362). Similarly with the Order confirming the Plan: the Certificate likewise listed Springleaf and not Conestoga among the recipients. (#411).

This begs the question, however, of why Conestoga, an interested party, was not receiving notices while Springleaf, long since gone from the case, remained on the Clerks' Service List. Springleaf had assigned its interest in the 19th Street property 2 years before the Court approved the disclosure statement. Yet neither Springleaf nor Conestoga took any action to apprise the Debtor or the Clerk's Office that Conestoga held the lien formerly held by Springleaf as to the 19th Street property. The Debtor's Schedules do not reflect that Conestoga was an interested party. Conestoga never filed a Proof of Claim. Most importantly, Conestoga did not file a request for notices in the case as provided by L.B.R. 2002-1 until November 2019, almost 5 years after confirmation. So if Conestoga did not receive notice of the plan and disclosure statements, it was because it never informed the Debtor or the Bankruptcy Court Clerk's Office that it was a party in interest until it was too late. The fault for that lies squarely with Conestoga.

*Summary*

The upshot of all of this is that Conestoga's lien was divested by the Debtor's Plan. For that reason, the Court finds that the Debtor has stated grounds for reopening the case based on a colorable violation of the discharge injunction.

An appropriate order follows.

BY THE COURT

*Jean K. FitzSimon*

Dated: March 4, 2020

Jean K. FitzSimon
United States Bankruptcy Judge

Copies to:

Ronald G. McNeil, Esquire
McNeil Legal Services
1333 Race Street
Philadelphia, PA 19107-1585

Mark C. Clemm, Esquire
Clemm and Associates, LLC
488 Norristown Road
Suite 140
Blue Bell, PA 19422