CLEMM AND ASSOCIATES, LLC
Mark C. Clemm, Esquire, I.D. No. 36665
Katie M. Clemm, Esquire, I.D. No. 320733
488 Norristown Road, Suite 140
Blue Bell, PA   19422
(484) 539-1300                                                                  Attorneys for Appellant Conestoga
mclemm@clemmlaw.com                                             Title Insurance Company
kclemm@clemmlaw.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLANIA

| In re | Case No. 11-18010 |
|---|---|
| Fawwaz F. Beyha | |
| Debtor | Hon. Jean K. FitzSimon |

### APPELLANT CONESTOGA TITLE INSURANCE COMPANY'S STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL RE: *ORDER GRANTING DEBTOR'S MOTION TO REOPEN CASE*

TO ALL INTERESTED PARTIES:

      Appellant Conestoga Title Insurance Company ("Conestoga") hereby submits the following statement of issues to be presented on appeal pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure.  This appeal is from an Order of the Bankruptcy Court for the Eastern District of Pennsylvania entered in this bankruptcy case on March 4, 2020 which granted Debtor's Motion to Reopen his case.

### STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

      1.      Whether the bankruptcy court abused its discretion and/or committed an error of law when it granted the Debtor's motion to reopen case when Debtor made fraudulent statements in various bankruptcy court filings, including the multiple motions to reopen case, affidavits in support

of motions to reopen bankruptcy case and adversary action complaints, regarding the validity, existence and enforceability of the Springleaf mortgage currently held by Conestoga and the value of the property which is security for that mortgage.

2. Whether the bankruptcy court abused its discretion and/or committed an error of law when it granted the Debtor's motion to reopen case when Conestoga was denied its due process rights because Debtor failed to timely notify Conestoga of the Debtor's proposed eighth amended bankruptcy plan, the subsequent confirmation of that plan, the Debtor's motion to reopen the case, and the immediate discharge and closure of the case, all of which occurred without Conestoga having the opportunity for a full and fair hearing to protect its property interests.

3. Whether the bankruptcy court abused its discretion and/or committed an error of law when it granted the Debtor's motion to reopen case which resulted in a denial of Conestoga's due process rights because Conestoga was denied the opportunity to develop the record by obtaining documents from the Debtor, taking the Debtor's deposition, and having a hearing at which time Conestoga would have an opportunity to present its case, despite the fact that the Court had specifically acknowledged and approved the requested document production and the deposition (which had been scheduled) and failed to hold the scheduled hearing on the merits prior to the Court ruling on the Debtor's motion to reopen case.

4. Whether the bankruptcy court abused its discretion and/or committed an error of law when it granted the Debtor's motion to reopen case at least in part by imposing a requirement on Conestoga to provide notice to the Debtor of its secured claim, which is contrary to Federal Rules of Bankruptcy Procedure 3002 and 506 which, prior to the amendments which became effective December 1, 2017, did not require a secured creditor like Conestoga to file a proof of claim or provide affirmative notice to the Debtor of its secured claim.

5. Whether the bankruptcy court abused its discretion and/or committed an error of law when it granted the Debtor's motion to reopen case despite the Debtor's multiple blatant, obvious, and intentionally misleading filings and tactics which were designed to mislead creditors like Conestoga and thwart the legitimate purposes of the bankruptcy rules and procedures, thereby improperly and illegitimately seeking to obtain a windfall under circumstances which would make

such a result inequitable, unconscionable and patently unfair.

                              CLEMM AND ASSOCIATES

Dated: March 30, 2020        By:   */s/ Mark C. Clemm*
                                        Mark C. Clemm, Esquire
                                        Katie M. Clemm, Esquire
                                        Attorneys for Appellant Conestoga Title
                                        Insurance Company